IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALITZA PORTUHONDO, on behalf of herself and all others similarly situated,<br><br>                  Plaintiff,<br><br>    v.<br><br>ORDERMARK, INC. and NEXTBITE BRANDS, LLC,<br><br>                  Defendants. | Civ. A. No. |

**CLASS ACTION COMPLAINT**
**FOR VIOLATION OF WARN ACT, 29 U.S.C. § 2101 *et seq.***

    Plaintiff Alitza Portuhondo ("Plaintiff") alleges on behalf of herself and a putative class of similarly situated former employees by way of this Class Action Complaint against Ordermark, Inc., and Nextbite Brands, LLC ("Defendants") as follows:

**NATURE OF THE ACTION**

    1.    Plaintiff was terminated along with an estimated 130 other similarly situated employees as part of, or as the foreseeable result of a mass layoff or plant closing ordered by Defendants on May 15, 2023, and within 90 days of that date.

    2.    Defendants failed to give Plaintiff and those similarly situated employees 60 days' advance notice of their terminations, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, (the "WARN Act").

    3.    Plaintiff seeks to enforce the WARN Act's statutory remedy of 60 days' back pay and benefits for herself and those similarly situated, pursuant to 29 U.S.C. § 2104, for the Defendants' failure to provide WARN notice prior to their terminations.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

5.  Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

6.  Plaintiff Alitza Portuhondo was employed by Defendants as a supply chain analyst from May 2021 until May 15, 2023.

7.  Plaintiff Portuhondo is a resident of the state of North Carolina.

8.  Plaintiff worked at, reported to, or received assignments from Defendants' facility located at 1610 Little Raven Street, Denver, Colorado (the "Denver Facility").

9.  On or about May 15, 2023, Plaintiff was notified of her termination effective immediately.

10. At no time prior to May 15, 2023, did Plaintiff receive written notice that her employment would be terminated.

11. Plaintiff was terminated without cause.

12. Along with Plaintiff, an estimated 90 other employees of Defendants who worked at, reported to, or received assignments from the Denver Facility were terminated on or about May 15, 2023, and an estimated 40 had been terminated on May 5, 2023, all without 60 days' advance written notice.

13. Plaintiff and the other terminated employees were told on May 17, 2023, that their health insurance coverage would be terminated on May 31, 2023.

14. Plaintiff was on paid maternity leave since she gave birth on April 24. That leave was scheduled to continue to July 17 but ended on May 17.

15. Plaintiff's child required neonatal hospitalization. Due to the baby's underlying health issues, Plaintiff has upcoming specialist appointments. Although she has applied for insurance, Plaintiff is uninsured and faces mounting financial burdens caused by the sudden cessation of coverage. She is uncertain as to level of healthcare she will be able to provide for herself and her child.

16. Had Plaintiff been provided WARN notice, she would have had two months to attend to her newborn while looking for a job under the umbrella of healthcare coverage. Her immediate priorities would not be scrambling to find insurance and a way to pay for it – along with all her other needs - until she can find work.

17. On information and belief, Plaintiff was not the only employee on maternity leave or who is facing hardships due to Defendants' sudden curtailment of employment income and insurance.

**_Defendants_**

18. Defendants operate a virtual brand provider for the restaurant industry that provides tools for restaurants to improve their online ordering systems. Defendants also provide delivery-only brands that restaurants can license and sell out of existing kitchens.

19. Upon information and belief and at all relevant times, Defendants' headquarters are located at 1610 Little Raven Street, Denver, Colorado.

20. Upon information and belief and at all relevant times, Defendant Ordermark, Inc. ("Ordermark") is a Delaware corporation.

21. Upon information and belief and at all relevant times, Defendant Nextbite Brands, LLC ("Nextbite") is a Delaware domestic limited liability company, that is owned by and is a subsidiary of Ordermark, Inc.

22. Upon information and belief, Ordermark entered into agreements with Plaintiff and others similarly situated to work for it and assigned them to perform services on behalf of its brand Nextbite.

23. When terminating them, Ordermark sought to procure a separation agreement after the fact between the "Company," comprising Ordermark and Nextbite, on the one hand, and each terminated employee, on the other hand.

## REPRESENTATIVE AND CLASS ALLEGATIONS

24. Plaintiff brings this representative action for relief for violation of 29 U.S.C. § 2101 *et seq.*, suing "for" herself and all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5). Those others are similarly situated in that they worked at, received assignments from, or reported to the Denver Facility, were terminated without cause within 90 days of May 15, 2023, as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants and were "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

25. Plaintiff seeks to bring forward these claims utilizing the Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), to seek certification of an opt-out class (the "WARN Class").

26. The persons in the WARN Class identified above ("WARN Class Members"), are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated at approximately 130 individuals. On information and belief, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

27. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in Defendants' books and records.

28. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

29. Common questions of law and facts exist as to members of the WARN Class, including, but not limited to, the following:

> (a) whether the members of the WARN Class were employees of Defendants who worked at, received assignments from, or reported to the Denver Facility;
>
> (b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act;
>
> (c) whether Defendants unlawfully failed to pay the WARN Class Members 60 days wages and benefits as required by the WARN Act; and
>
> (d) whether Defendants constitute a "single employer" for purposes of the WARN Act.

30. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class Members, worked at, received assignments from, or reported to the Denver Facility and was terminated without cause within 90 days of May 15, 2023, due to the mass layoff and/or plant closing ordered by Defendants.

31. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until Defendants decided to order a mass layoff or plant closing at the Facility.

32. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

33. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and facts common to the WARN Class predominate over questions

affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class Members are small compared to the expense and burden of individual prosecution of this litigation.

34. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

35. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

**CLAIM FOR RELIEF**
**Violation of the WARN Act, 29 U.S.C. § 2104 *et seq*.**

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

38. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until they decided to order a mass layoff or plant closing at the Denver Facility.

39. At all relevant times, Plaintiff and the other similarly situated former employees

were employees of Defendants as that term is defined by 29 U.S.C. §2101.

40. On or around May 15, 2023, Defendants ordered a mass layoff or plant closing at the Denver Facility, as that term is defined by 29 U.S.C. § 210l(a)(2).

41. The mass layoff or plant closing at the Denver Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent of Defendants' workforce at the Denver Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

42. Plaintiff and the WARN Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Facility.

43. Plaintiff and the WARN Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

44. Defendants were required by the WARN Act to give Plaintiff and the WARN Class Members at least 60 days advance written notice of their terminations.

45. Defendants failed to give Plaintiff and the WARN Class Members written notice that complied with the requirements of the WARN Act.

46. Plaintiff and each of the WARN Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

47. Defendants failed to pay Plaintiff and each of the WARN Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued paid time off for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A);

E. Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur in prosecuting this action, as authorized by the federal WARN Act, 29 U.S.C. § 2104(a)(6);

F. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

G. Such other and further relief as this Court may deem just and proper.

Dated: June 2, 2023

Respectfully submitted,

By: /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 654-0248

                                                Facsimile: (302) 654-0728
                                                E-mail: loizides@loizides.com

OF COUNSEL:

Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for Plaintiff and putative class*